IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| THE NATIONAL ASSOCIATION FOR RATIONAL SEX OFFENSE LAWS and JASON RIDLEY, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LATOYA HUGHES, in her official capacity as Director of the Illinois Department of Corrections,<br><br>Defendant. | No. 23-cv- |

## CLASS ACTION COMPLAINT

Plaintiffs National Association for Rational Sexual Offense Laws ("NARSOL") and Jason Ridley, individually and on behalf of all similarly situated individuals, through their undersigned counsel, complain against the Defendant Latoya Hughes, Director of the Illinois Department of Corrections, as follows:

**Nature of the Case**

1. This is a civil rights class action brought on behalf of individuals who are on mandatory supervised release ("MSR") under the supervision of the Illinois Department of Corrections ("IDOC" or "the Department") and subject to the conditions of Mandatory Supervised Release ("MSR") imposed on them by the Illinois Prisoner Review Board ("PRB"). Plaintiffs challenge the constitutionality of 730 ILCS 5/3-3-7(a)(7.10), which prohibits individuals on MSR who have been

convicted of sexual offenses from using or possessing erectile dysfunction medication.

2. Plaintiffs, individually and on behalf of the class they seek to represent, allege that the challenged condition violates the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiffs seek class-wide injunctive and declaratory relief.

## Jurisdiction and Venue

3. Jurisdiction is proper in this court pursuant to 28 U.S.C. §§1331 and 1343(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), in that a substantial part of the events giving rise to Plaintiffs' claims occurred in this district as alleged below.

## The Parties

5. Defendant Latoya Hugues is sued in her official capacity as director of the Illinois Department of Corrections. The Department of Corrections is the entity responsible for enforcement of MSR conditions imposed by the PRB. Hughes is therefore a proper Defendant for the purposes of seeking equitable relief under *Ex Parte Young*, 209 U.S. 123 (1908).

6. Plaintiff the National Association for Rational Sex Offense Laws ("NARSOL") is a non-profit corporation organized under the laws of the State of North Carolina, which is devoted to the reform of state and national sexual offense laws and to ending the dehumanization of individuals with past convictions for

sexual offenses. NARSOL advocates for ending draconian, unconstitutional laws such as public registries, residency restrictions, and civil commitment schemes. To fulfill its mission, NARSOL pursues litigation to challenge unconstitutional laws and educates legislators and the public regarding evidence-based policies; the negative effects of laws such as the registry on individuals and their families; and the availability of effective, constitutional alternatives to current laws and practices.

7. NARSOL is a voluntary membership organization, which has hundreds of members nationally, including more than 50 members in Illinois.

8. NARSOL has affiliated organizations in the vast majority of states, including Illinois Voices for Reform in Illinois.

9. Plaintiff Jason Ridley lives in Rockford, Illinois. Ridley is currently on MSR and is subject to the challenged condition. He has been a member of NARSOL since November of 2023.

**The Challenged Condition**

10. Illinois law prohibits persons who are on MSR for sexual offenses from possessing and using erectile dysfunction ("ED") medication (*e.g.*, Viagra or Cialis).

11. In particular, 730 ILCS 5/3-3-7(a)(7.10) reads as follows:

> [I]f convicted for an offense that would qualify the accused as a sex offender or sexual predator under the Sex Offender Registration Act on or after June 1, 2008 (the effective date of Public Act 95-640), not possess prescription drugs for erectile dysfunction.

## Facts Pertinent to the Plaintiffs

**Plaintiff Jason Ridley, Sr.**

12. Plaintiff Jason Ridley, Sr., 64, is currently on MSR. He is subject to the challenged condition due to 2014 convictions for Aggravated Criminal Sex Abuse and Predatory Criminal Sexual Assault for offenses he committed in 2002. He will be on MSR until April 29, 2025.

13. In 2018, when he was in prison at Taylorville Correctional Center, he was diagnosed with prostate cancer and received a prostatectomy, a surgery that removes part or all of the prostate gland. As a result of this surgery, Plaintiff has suffered impotence and incontinence, a typical consequence of this surgery.

14. While on MSR, Plaintiff Ridley entered into a committed romantic relationship and is engaged to be married. He seeks to do everything he can to regain his potency. Plaintiff has tried the use of a so-called "vacuum," and the use of a pump to alleviate his impotence, but neither was unsuccessful. The next option is reconstructive surgery. But in order to get approval for this surgery, the insurance company require a protocol that demands the patient first try erectile dysfunction medication to see if these medications can alleviate the impotence without incurring the expense and dangers of the surgery.

15. Plaintiff Ridley seeks to use these ED drugs, but he is prohibited from doing so because of the challenged law.

**Plaintiff NARSOL**

16. The members of the Plaintiff NARSOL whose constitutional rights are injured by this law will benefit from any relief obtained through this lawsuit; and Plaintiff NARSOL, which seeks to promote rational, evidence-based sex offense laws, will also benefit from any relief obtained through this lawsuit.

## Class Allegations

17. Pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiffs seek certification of this complaint as a class action.

18. Named Plaintiff Ridley seeks to represent a class defined as follows

> All persons who are currently or will in the future be subject to 730 ILCS 5/3-3-7(a)(7.10), which prohibits persons who are on MSR who have been convicted of sexual offenses from possessing and using erectile dysfunction medication.

19. The proposed class is numerous. There are approximately 2,000 individuals currently on MSR under the supervision of the Department who have been convicted of sexual offenses and therefore are subject to the challenged condition. The numerosity threshold is thus met notwithstanding the fact that not all members of the proposed class will be injured by the unconstitutional policy (*i.e.*, not every member of the class suffers from erectile dysfunction). *See Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009) (holding that it is "almost inevitable" that a class will "include persons who have not been injured by the defendant's conduct," and "[s]uch a possibility or indeed inevitability does not preclude class certification.")

20. Joinder of all class members is impracticable. Not only is the class very numerous, but membership in the class is constantly expanding as every day additional people with convictions for sexual offenses become eligible for release on to MSR and are subject to the challenged law.

21. There are questions of law and fact common to all class members, including but not limited to the following:

- What standard of review applies to challenges to MSR conditions;
- What are the rationales for the law;
- What impact the law has on constitutionally protected interests;
- Whether a prohibition on seeking medical treatment to restore sexual function constitutes cruel and unusual punishment;
- Whether there is any compelling interest served by the law; and
- Whether the law violates the Eighth and/or Fourteenth Amendments.

22. All individuals falling within the class definition have been subject to the same law. Given the commonality of the questions pertinent to all class members, a single declaratory judgment would provide relief to each member of the class.

23. Plaintiff Ridley and the class he seeks to represent have been directly injured by the policy challenged herein; and members of the class are currently at risk of future harm from the continuation of this policy.

24. Plaintiff Ridley will fairly and adequately represent the interests of the class; and Plaintiff Ridley's claims are typical of the claims of all members of the proposed class.

25. Plaintiffs' counsel are experienced in civil rights litigation, including class actions under Fed. R. Civ. P. (b)(2) and constitutional matters on behalf of persons on MSR. Plaintiffs' counsel will fairly and adequately represent the interests of the class.

## COUNT I
## 42 U.S.C. § 1983
## VIOLATION OF THE FOURTEENTH AMENDMENT
## SUBSTANTIVE DUE PROCESS

26. Plaintiffs reallege and reincorporate, as though fully set forth herein, each and every allegation above.

27. The challenged law violates the Substantive Due Process Clause of the Fourteenth Amendment because it interferes with fundamental liberty interests—namely, intimate aspects of sexuality that are undeniably fundamental rights and private medical decisions.

28. The challenged law also violates the Substantive Due Process Clause of the Fourteenth Amendment because it bears no rational relationship to a legitimate government purpose.

## COUNT II
## 42 U.S.C. § 1983
## VIOLATION OF THE EIGHTH AMENDMENT

29. Plaintiffs reallege and reincorporate, as though fully set forth herein, each and every allegation above.

30. The challenged law violates the Eighth Amendment because it constitutes cruel and unusual punishment by categorically prohibiting persons subject to the law from accessing medical treatment to restore normal sexual function.

WHERFORE, Plaintiffs respectfully request that this Honorable Court:

(a) issue an order certifying this action to proceed as a class pursuant to Fed. R. Civ. P. 23(b)(2);

(b) appoint the undersigned as class counsel pursuant to Fed. R. Civ. P. 23(g);

(c) enter a declaratory judgment that the law is unconstitutional both on its face and as applied to Plaintiffs;

(d) enter a preliminary and then permanent injunction prohibiting Defendant from continuing to enforce the law;

(e) enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

(f) grant Plaintiffs any other relief the Court deems appropriate.

Respectfully submitted,

/s/ Mark G. Weinberg
/s/ Adele D. Nicholas
*Counsel for Plaintiffs*

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913
mweinberg@sbcglobal.net

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com