IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| THE NATIONAL ASSOCIATION FOR RATIONAL SEX OFFENSE LAWS and JASON RIDLEY, individually and on behalf of all those similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>LATOYA HUGHES, in her official capacity as Director of the Illinois Department of Corrections,<br><br>*Defendant*. | NO. 3:24-CV-50025<br><br>HON. IAIN D. JOHNSTON |

**MEMORANDUM OPINION AND ORDER**

Seventh Circuit precedent forecloses parolees from attacking the fact of their confinement—namely, the conditions of their parole—under 42 U.S.C. § 1983. *Williams v. Wisconsin*, 336 F.3d 576, 579-580 (7th Cir. 2003). That is nevertheless what the plaintiffs attempt to do here. Cognizant of their suit's futility, they ask the Court to dismiss it to allow the Seventh Circuit an opportunity to reconsider *Williams*. Dkt. 15 at 2. Dismissal on the merits should follow, so long as the Court has jurisdiction.

Hughes contends that Ridley lacks standing because his suit is barred by the *Preiser-Heck* doctrine. Dkt. 9 at 7-9. But that doctrine is no jurisdictional bar—it is rather an affirmative defense, forfeited if not raised, that goes only to the availability of a cause of action. *Bell v. Raoul*, 88 F.4th 1231, 1234 (7th Cir. 2023); *Heck v. Humphrey*, 512 U.S. 477, 483 (1994) (describing how *Preiser* held that a claim for injunctive

1

relief challenging a conviction was not "cognizable under § 1983"). And the lack of a cause of action does not bear on standing. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96 (1998) ("[T]he nonexistence of a cause of action [is] no proper basis for a jurisdictional dismissal.").

Ridley does have standing under the facts pleaded.[1] He alleges an injury in fact: the violation of his constitutional rights by a condition of his parole. *See TransUnion LLC v. Ramirez,* 594 U.S. 413, 425 (2021). The defendant is, in her official capacity, charged under Illinois law with enforcing the challenged parole condition, Dkt. 1 ¶ 5, so Ridley's alleged injury is traceable to her. *See Lujan v. Defs. of Wildlife,* 504 U.S. 555, 561–62 (1992) (explaining that when the plaintiff is "himself an object" of the government regulation he challenges, there is "ordinarily little question" it has caused his asserted injury). And his requested relief—a declaratory judgment that the challenged condition is unlawful, and an injunction against the defendant forbidding her from enforcing it against him—would redress his asserted injury. *See id.*

On the merits, however, the plaintiffs have not stated a claim upon which relief can be granted, as they have no cause of action under § 1983. The complaint in this suit is therefore dismissed with prejudice. *Williams*, 336 F.3d at 580.

Date: June 6, 2024

_____
HON. IAIN D. JOHNSTON
*United States District Judge*

---

[1] As does NARSOL, because Ridley is a member, Dkt. 1 ¶ 9. *See Milwaukee Police Ass'n v. Flynn,* 863 F.3d 636, 639-640 (7th Cir. 2017).